36 C.C.P.A.(Patents)

### Application of KENDALL.
### Patent Appeal No. 5528.

United States Court of Customs
and Patent Appeals.

March 1, 1949.

Rehearing Denied April 8, 1949.

Norman E. H. Deletzke, of Chicago, Ill., for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL and JOHNSON, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in rejecting claims 4, 7, and 8 in appellant's application for a patent for alleged improvements in a device incorporated in a machine for washing cans, such as milk cans.

Appellant filed a petition requesting the board to reconsider its decision. The board considered the petition and the issues therein presented, but denied it with respect to making any change in the board's original decision.

Seven claims were allowed, but the appealed claims were rejected as failing to define invention over each of the following three references: Alling 2,041,451 May 19, 1936; Wolf 2,085,936 July 6, 1937; Rufus 2,133,044 Oct. 11, 1938.

Claim 7, the most specific of the rejected claims, is regarded as illustrative. The claim has been correctly copied in the brief for appellant wherein those portions of the

claim relied upon as distinguishing it from the disclosures of the prior art have been emphasized by appellant as follows: "7. A device of the class described comprising, in combination, a support frame, a first shaft rotatably mounted on said frame, an inverting cradle attached to and rotatable with said first shaft, said inverting cradle having object holding means, an object supply conveyor adapted to supply objects to be inverted to the holding means of said inverting cradle, a second shaft rotatably mounted on said frame, a discharge cradle attached to and rotatable with said second shaft, said discharge cradle having object receiving and discharge means equal in number to the object holding means of said inverting cradle, an object discharge conveyor adapted to receive discharged objects from said discharge cradle, means for rotating said first shaft, means for synchronously rotating said second shaft with said first shaft, said inverting cradle and said discharge cradle overlapping one another sufficiently to permit a partially uprighted object to be deposited from a holding means of said inverting cradle into a receiving and discharge means of said discharge cradle, said object receiving and discharge means of said discharge cradle being adapted to remove objects from said inverting cradle and from the path of travel of the holding means thereof and deposit the removed and uprighted objects upon said discharge conveyor, and means associated with said discharge conveyor for moving said objects forwardly upon said discharge conveyor."

Claims 4 and 8 are broader than claim 7. Claim 4 requires no separate discussion, but claim 8 provides for means for continuously rotating the inverter and receptacle receiver in synchronism.

Appellant's device is incoporated in a can washing machine and relates to a mechanism for receiving inverted milk cans from the can washing machine and uprighting and discharging such cans on a platform or conveyor for transfer to another operating station.

The subject matter of the appealed claims consists basically of two rotatably mounted members; a can inverting cradle adapted to receive inverted cans in tilted position, and an unloading and discharge cradle for unloading and discharging substantially uprighted cans from the inverting cradle. Those two members are so arranged and continuously rotated as to adapt the inverter member to receive an inverted can from the conveyor, upon the tipping of the can over the inclined loading station, or forward ends, and substantially uprighting the cans.

The cans are thus deposited on the discharger member, which completes the uprighting of the can, and then discharges or deposits the can onto conveyor skids. The cans are thereafter moved forward along such skids by rollers, mounted at the extremities of the arms of the discharge cradle, as a result of the continued rotation of the discharge cradle.

The uprighted cans are transferred from such skids, and from the discharge end of the can washer, by pusher dogs onto discharge conveyor rollers. The dogs are connected through appropriate gearing and linkages to the drive of the inverting cradle and the discharge cradle, and function in timed relation therewith. Caps or covers are applied to the cans before they are discharged from the can washing machine, but the mechanism employed to perform that function is not involved in the claims on appeal.

The structural elements disclosed by each of the cited references relate to a device which differs from appellant's device in the specific structure of the rotatable receiver and can discharger, which is illustrated in the drawings and described in appellant's specification as an unloading and discharge cradle for unloading and discharging substantially uprighted cans from the inverting cradle.

The Solicitor for the Patent Office correctly takes the position that, since the issue involved in each of the rejections is the same, the discussion of those rejections may be confined to the disclosure of the patent to Rufus; that the other two references are merely cumulative; and that if the appealed claims are patentable over the patent to Rufus, they are patentable also over the remaining references.

The patent to Rufus discloses a can-uprighting and discharging mechanism employed in a can-washing machine, and more

particularly a mechanism for turning over and discharging milk cans and the like. The device comprises, in combination, a support frame, a first shaft rotatably mounted on the frame, and an inverting cradle attached to and rotatable with the shaft. The inverting cradle has object holding means for holding two objects and an object supply conveyor from which milk cans to be inverted are supplied by an inclined discharge plate to the holding means of the inverting cradle. The plate is located at the end of the conveyor and permits the milk can to slide downwardly onto the arms of the turn-over member or cradle, which receives the end of the can which is to be uprighted. The turn-over member is driven by any suitable mechanism, such as turn-over shafts mounted on a frame for rotating the shafts synchronously. The turn-over mechanism is rotated intermittently by the driving mechanism of the inverting cradle so that the can is moved to a substantially upright position. After the can has thus been rotated by the cradle, the bottom portion of the can slides forward into the L-shaped can-receiving platform having spaced and discharge arms at the rear end of the platform. The platform member moves the can to an exactly upright position and pushes the can onto a conveyor chain. The platform member is moved by the operation of a pivot or second shaft rotatably mounted on the frame, by a link arm, and by simultaneously tilting the platform by a pivotally mounted arm which is connected to a crank arm mounted on a shaft.

The discharge cradle disclosed in the patent to Rufus has but one object holding means and the inverting cradle has two object holding means. Therefore, the disclosure of the patent does not have object receiving means equal in number to the object holding means of the inverting cradle, as called for in claim 7. However, in view of the fact that in the combination defined, only one-object holding means can be employed at a time, this difference in the two devices does not, in our opinion, constitute a patentable distinction. The patent to Rufus discloses an object discharge conveyor which receives objects from the discharge cradle and drive chains for rotating the cradle shafts synchronously. The inverting and discharge cradles of the patent, which overlap, perform the specific function called for by claim 7.

The primary issue presented by appellant's arguments is based on the contention that the discharge cradle disclosed in the patent to Rufus does not have a rotary motion and is not rotatably mounted on the frame, because it cannot perform a complete revolution of 360° about the second shaft. On the contrary, appellant urges, the discharge cradle disclosed by the patent oscillates about two points, including the second shaft, and, therefore, the cradle is not rotatably mounted on the frame as called for by the claim.

The three rejected claims do not call for rotatable receiving and unloading means adapted to rotate through an arc of 360° about a single axis, as defined in a number of the allowed claims. Furthermore, the claims do not indicate that the continuous rotation is in a fixed direction. None of the cited references discloses a can receiver and discharger which rotates through an arc of 360°, but each shows that such mechanism is moved in one direction, then in a different direction, so that a can may be received from the inverter cradle at the proper time.

Each of the cited references discloses a continuously rotated cradle which receives an inverted can from a washing machine and rotates it through an arc of 330°. The Solicitor for the Patent Office correctly takes the position that "the fact that the rotation is expressly limited in some claims to movement through an arc of 360° necessarily implies that, in the absence of express language the rotation referred to in the claims may be through a smaller arc." Webster's New International Dictionary, 1939, gives as the primary meaning of the word "rotate": "To turn, as a wheel, round an axis; to revolve." In the same dictionary, the meaning of the word "turn" is given as: "To move around in circles or in a circle, or through an arc of a circle * * *." The quoted meaning of the word "turn," according to the solicitor's contention, is one of the most common, if not the most common given to the word, as illustrated by such everyday expressions as

"to turn one's head"; "to turn a page"; "to turn upside down," etc. It is clear, therefore, that turning around an axis does not necessarily require, as the extent of the rotary movement, a complete revolution.

Where the issue is that of patentability over the prior art cited, the courts have uniformly ruled that the claims of a pending application will be given the broadest interpretation of which they are reasonably susceptible. In re Bryson D. Horton, 54 F.2d 961, 19 C.C.P.A., Patents, 871, 875; In re Carr, 54 App.D.C. 283, 297 F. 542. Accordingly, we find no error in the holding of the board that the motion around the axis or pivot, in the instant case, does not have to be through an arc of 360° in order that it may be properly termed a motion of rotation. Moreover, appellant has failed to convince the court that there is a patentable distinction between the complete and partial rotation of the structures involved.

Claims 4 and 8, for the reasons hereinbefore stated with respect to claim 7, do not appear to define invention over the prior art cited. In view of that conclusion, it is deemed unnecessary to discuss other points raised by the arguments of counsel, and the decision of the Board of Appeals is accordingly affirmed.

Affirmed.